IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN R. LUCAS, et al.,

                Plaintiffs,

v.                                          CIVIL ACTION NO. 2:15-cv-13534

ICG BECKLEY, LLC, et al.,,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Set Aside Courts' [sic] Ruling Granting Summary Judgment. (ECF No. 53.) For the reasons below, the Court **DENIES** the motion.

*I. BACKGROUND*

This case arose out of an injury Plaintiff John Lucas suffered on May 5, 2013, while rock dusting an approximately half-mile portion of slope inside the Beckley Pocahontas Mine in Raleigh County, West Virginia. (ECF No. 1-1 at 7–8 ¶¶ 8, 10, 15–16.) The factual background is more thoroughly explained in the Court's previous memorandum opinion and order granting Defendants' unopposed Motion for Summary Judgment. (ECF No. 50.) In that memorandum opinion and order issued on February 23, 2018, the Court analyzed each of Plaintiffs' four claims from the Complaint and found no dispute of material fact that would preclude summary judgment. After applying the relevant law to the presented evidence, the Court further found that Defendants met their burden under Federal Rule of Civil Procedure 56 and granted summary judgment in their

1

favor on all four counts. A judgment order reflecting the Court's ruling was entered contemporaneously. (ECF No. 51.)

On the same day that the Court granted summary judgment in Defendants' favor and dismissed this matter from the docket, Plaintiffs filed the current motion. In the motion's supporting memorandum, Plaintiffs state that while they were engaged in settlement negotiations prior to the judgment's entry, Defendants withdrew from those negotiations after the judgment order was issued. (ECF No. 54 at 1.) Defendants responded to the motion on March 6, 2018, (ECF No. 55), and Plaintiffs did not file a reply. As such, the motion is ripe for adjudication.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide two similar but distinct rules for litigants seeking relief from an adverse judgment. *See* Fed. R. Civ. P. 59(e), 60(b). First, Rule 59(e) allows a party to file a motion to alter or amend the judgment within twenty-eight days of the judgment's entry. A motion under this rule is discretionary and "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 406, 411 (4th Cir. 2010) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) [hereinafter *Ingle*]). The motion "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted), *cert. denied*, 525 U.S. 1104 (1999). Relief under this rule "is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

On the other hand, a party may be afforded relief from an adverse judgment under Rule 60(b) if he shows one of the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In addition to showing that one of the six circumstances warrant relief, the party must also show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."[1] *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)) (describing these four factors as the "initial threshold"); *see also Robinson*, 599 F.3d at 412 n. 12 ("We need not address whether the movant satisfied the four threshold

---

[1] The Fourth Circuit has enunciated that these four factors must be established before a court moves on to analyze whether one of the six grounds for relief has been met. However, the Fourth Circuit sometimes bypasses an analysis of the four threshold factors if it is clear that the party has not established the existence of one of the six grounds for relief. *See Robsinson*, 599 F.3d at 412 n.12.

3

requirements, however, if we find that the movant has not sufficiently satisfied one of the Rule 60(b) grounds for relief.").

## III. DISCUSSION

Although Plaintiffs cite no law or procedural rule in their motion to support the requested relief, the Court construes it as an argument raised under Rules 59(e) and 60(b). Courts typically analyze a motion filed within twenty-eight days of a judgment's entry as a Rule 59(e) motion if it seeks to correct an adverse judgment. *See Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996) (analyzing the motion under Rule 59(e)'s previous iteration that relied on a ten-day post-judgment filing requirement); *Vaughan v. Murray*, No. 95-6081, 1995 WL 649864, at *3 n.3 (4th Cir. Nov. 6, 1995) (per curiam) (unpublished opinion) (same). A motion to vacate a judgment is a form of alteration for purposes of Rule 59(e). *See, e.g.*, *Am. Family Life Assurance Co. of Columbus v. Planned Mktg. Assocs., Inc.*, 389 F. Supp. 1141, 1144 (E.D. Va. 1974). In the Court's view, the fact that Plaintiffs only seek a vacation of the judgment "for a period of two weeks," (ECF No. 54 at 10), does not alter the rule's application. Because the motion does not exclusively seek to correct the judgment as Rule 59(e) motions typically do, *see Robinson*, 599 F.3d at 412, the Court also will analyze it under Rule 60(b).

Plaintiffs' motion first rehashes the facts of the case from the Complaint and various documents located on the docket and considered by the Court in resolving this action on its merits. (*See* ECF No. 54 at 1–9.) This recitation appears to be an attempt by Plaintiffs to convince this Court that its previously issued judgment is erroneous. Nevertheless, none of the cited evidence is new, nor do Plaintiffs take issue with the law used by the Court in resolving the summary judgment motion. Plaintiffs use the last few lines of their motion to inform the Court as to a

4

timeline of the parties' settlement negotiations beginning in November 2017 and ending on the day this Court entered its judgment order closing this matter. (*Id.* at 9–10.) Plaintiffs clearly are upset that Defendants withdrew a settlement offer as a result of winning this lawsuit. However, during the litigation's pendency, Plaintiffs never informed the Court that settlement negotiations were ongoing, did not file a motion to stay the proceeding pending such discussions, and failed to file any response to Defendants' summary judgment motion.

Regardless of whether Plaintiffs' motion is considered under Rule 59(e) or 60(b), it abysmally fails to state any legal rationale for disturbing the Court's final judgment. Despite the motion's filing on the same day judgment was entered, it does not argue that the controlling law has changed, that new evidence has become available, or that the judgment is the result of a clear error. *See Robinson*, 599 F.3d at 411 (citing *Ingle*, 439 F.3d at 197) (discussing Rule 59(e)). Further, Plaintiffs do not argue, and the Court does not believe, that they will suffer any manifest injustice if the judgment stands. *Id.* (*See generally* ECF No. 54.) The factual argument within the motion easily could have been raised prior to the judgment's entry and is not a proper basis for awarding the extraordinary remedy afforded by Rule 59(e). *See Pac. Ins. Co.*, 148 F.3d at 403. If Plaintiffs actually thought that the evidence supported their claims, as the pending motion's factual recitation seems to indicate, then they should have filed a motion for summary judgment or, at the least, responded to Defendants' dispositive motion filed in October 2017. As the Fourth Circuit has noted, "counsel cannot make the calculated choice to take no action . . . and then avail himself of discretionary relief from the consequences of that choice." *Robinson*, 599 F.3d at 411. "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp.

5

879, 889 (E.D. Va. 1977) ("The plaintiff in his brief brings forward no matter that could not have been argued before judgment was entered herein.").

Further, Plaintiffs do not advocate for one of the six grounds for relief provided by Rule 60(b). If any of the grounds applied to Plaintiffs' emotional plea to temporarily vacate the Court's ruling, it would be subsection (6),[2] providing relief if the party shows "any other reason that justifies relief." However, that subsection requires a showing of "extraordinary circumstances." *See Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting)). The Court is unaware of any judicial precedent supporting the proposition that the existence of settlement negotiations prior to a judgment's entry represents "extraordinary circumstances" requiring relief under Rule 60(b)(6). (*See* ECF No. 54 at 10 (requesting that the Court vacate the judgment "to allow the parties to continue to attempt to settle this matter").) Importantly, Plaintiffs do not argue such. Plaintiffs apparently believe that the Court simply made an erroneous application of the facts of this case to the controlling law. If so, however, the proper recourse is appeal not reargument. *See Aikens*, 652 F.3d at 500 ("[I]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal."). The Court need not analyze whether Plaintiffs satisfy the four threshold requirements for succeeding on a Rule 60(b) motion, *see, e.g.*, *Dowell*, 993 F.2d at 48,

---

[2] Defendants proffer in the response that subsection (1) applies under the excusable neglect ground. Put another way, the question would become "whether Plaintiffs have established excusable neglect for their failure to respond to Defendants' motion for summary judgment . . . ." (ECF No. 55 at 3.) The Court does not necessarily agree that this subsection applies as Plaintiffs have in no way attempted to justify their failure to respond to Defendants' summary judgment motion. Even if this subsection applied, the Court agrees with Defendants that Plaintiffs have not established excusable neglect for failing to respond to the dispositive motion, and this does not require relief from the previously entered judgment.

6

as they have not satisfied one of the six Rule 60(b) grounds for relief, *cf. Robinson*, 599 F.3d at 412 n.12.

IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion to Set Aside Courts' [sic] Ruling Granting Summary Judgment. (ECF No. 53.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 19, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE